

1  WILLIAM G. COBB, ESQ. (NSB 1250)
   BRENT L. RYMAN, ESQ. (NSB 8648)
2  CHARITY F. FELTS, ESQ. (NSB 10581)
   ERICKSON, THORPE & SWAINSTON, LTD.
3  99 West Arroyo Street; Post Office Box 3559
   Reno, Nevada 89505
4  775.786.3930   Fax: 775.786.4160
   and
5  SCOTT J. ROBINSON, ESQ. (OHB: 0074053)
   Wegman, Hessler & Vanderburg
6  6055 Rockside Woods Boulevard
   Cleveland, Ohio 44131
7  Pro Hac Vice Pending
   *Attorneys for Defendant MTD Products, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

BILL L. BARRACLOUGH,            Case No.:   3:11-CV-00231-HDM-VPC

      Plaintiff,

vs.

MTD PRODUCTS, INC.,

      Defendant
_____/

**FIRST AMENDED STIPULATED PROTECTIVE/CONFIDENTIALITY AGREEMENT
AND
ORDER CONCERNING USE AND HANDLING OF CONFIDENTIAL MTD MATERIAL**

    The parties to this action, by their respective attorneys, hereby stipulate to the entry by the Court of the following Protective Order, which has been amended and revised so as to comply with this Court's Minute Order in Chambers [14] and *Kamakana v City and County of Honolulu*, 447 F. 3d 1172 (9th Cir. 2006).

    Whereas, it appears that during the pre-trial discovery in this case there will be disclosure to counsel of certain documents, information, materials and testimony considered by defendants to contain confidential, proprietary and/or trade secret information. Therefore, in order to allow discovery to proceed in an expeditious and productive manner and protect the confidentiality of such information, IT IS HEREBY ORDERED THAT:

ERICKSON, THORPE &
SWAINSTON, LTD.

1.  This Protective Order governs the use, disclosure, and designation as confidential of documents, information and testimony produced by defendants or plaintiff in this action (in discovery or at trial) including any and all photographs, videotapes, documents, and/or materials, testimony, deposition testimony, deposition exhibits, interrogatory/request for admission responses, including and/or related to, engineering part print drawings, testing, product cost, production information, internal policies/investigation procedures, field reports, product analysis and development information, design/fabrication, and other claims involving products similar to the product at issue in this case. Any such materials that constitute a trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G), or otherwise considered confidential by defendants, may be designated "Confidential". Such designation shall be made as provided in paragraph 2 hereof. Documents or information so designated as "Confidential" and all copies, extracts, transcripts, compilations, and summaries thereof and information therein, without limitation, (hereinafter collectively referred to as "Confidential Information") shall be used and disclosed only as permitted by paragraphs 2 through 12 hereof.

2.  Either party may designate the materials which the party considers to be appropriate for designation as Confidential Information at the time such materials or portions are produced or disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the materials or portions disclosed and sought to be protected hereunder, by the following procedure:

   a.  MTD will make its document production pursuant to Rules 26, 33, and 34, by means of a specifically designated website ("The Website"). All documents contained on the website contained within the "confidential" folder will be deemed "confidential" and protected by this agreement, subject to the plaintiff's rights to contest such designation as "confidential."

   b.  The password for access to the website and the existence of the website itself are also confidential, which were created for rapid and efficient production of discovery and e-discovery to the benefit of all parties for the sole purpose of this litigation. Knowledge of the website and its access password and documents and/or information contained therein are confidential under this Stipulated Protective Order with no unauthorized access. IP addresses for access must be provided to counsel for MTD.

3. In the instance of documents or materials produced by any party, other than those produced by MTD by means of the website referred to above, that are to be designated as "confidential," the party producing the materials sought to be protected shall, at the time of such production, notify the other parties if any of the information contained in the documents or materials is designated as "confidential." All "confidential" documents or materials produced for which such notice has been given shall be inspected only by persons qualified to have access to Confidential Information.

4. Confidential Information may be given, shown, disclosed, made available, or communicated only to:

   a. The parties;

   b. Counsel for the parties who have executed this Order, and the paralegal, administrative, clerical and secretarial personnel assisting such attorneys for whom access to such material is necessary to perform their duties with respect to this case, provided that execution of this Order by any member of a law firm representing a party shall constitute a representation that all persons in or employed by that firm shall observe this Protective Order;

   c. Experts, investigators and consultants qualified for access as provided in paragraph 5 below.

   d. The Court, the jury and court personnel.

5. Each party may qualify for access to Confidential Information independent experts, investigators and consultants who are not employees of or affiliated with the party. Before allowing an expert or consultant to gain access to the Confidential Information, counsel shall first require the expert or consultant to execute a written and signed undertaking in the form attached hereto as Appendix A containing the information set forth therein. In the event the expert is to be utilized as an expert at litigation and is disclosed in accordance with the discovery rules or local rules of Court, a copy of the signed undertaking shall be provided to opposing counsel.

6. Confidential Information shall be used solely in connection with this litigation, and not for any business, competitive, governmental, administrative or commercial purpose or function. All Confidential Information designated hereunder shall be kept in the case files at the offices of the attorneys for the parties. Access to those files shall be permitted only to those persons set forth in paragraph 3 of this Protective Order as persons properly having access to Confidential Information.

7. No party or non-party shall file or submit for filing as part of the court record any paper or document under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper or document under seal bears the burden of overcoming the presumption of public access to papers or documents filed in court. Documents containing Confidential Information, including briefs or other papers which incorporate or disclose Confidential Information, where filed with the pleadings or as evidence, where this burden has been overcome and the court has granted leave to file such documents under seal, shall bear the "CONFIDENTIAL" warning on their first page and on pages containing Confidential Information. Any other documents, not included in the website production, where this burden has been overcome and the court has granted leave to file such documents under seal, shall be delivered sealed to the Clerk of the Court, and shall not be available for public inspection. Envelopes used to seal such documents, where this burden has been overcome, shall carry the notation: "Confidential -- This document is subject to a PROTECTIVE ORDER issued by the COURT and may not be examined or copied except in compliance with that Order. "Bill L. Barraclough v. MTD Products Inc., U.S. District Court, District of Nevada, Case No. 3:11-CV-00231-HDM-VPC." Where this burden has been overcome and the court has granted leave to file such documents under seal, the Clerk shall maintain such documents under seal, except that any district judge or magistrate judge exercising responsibility in this case, and their legal, administrative, secretarial or clerical staffs, shall have access to documents under seal as necessary in adjudicating or administering this case.

8. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection as confidential or privileged or that a lesser form of protection than designated is appropriate.

9. The inadvertent or unintended disclosure pursuant to discovery in this lawsuit of Confidential Information, regardless of whether the information was designated at the time of disclosure, shall not in this action be deemed a waiver in whole or in part of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or

documents disclosed or as to any other information and/or documents. Defendant shall be permitted to serve a written notice of the claim of confidentiality for the unintended or inadvertent disclosure within forty-five (45) days after any defendant or defendant's counsel becomes aware that such disclosure has occurred. Plaintiff shall not be liable for or responsible for the use of the materials received by said disclosure during the period before plaintiff receives written notice.

10. A party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under the Protective Order, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.

To determine such application the court shall determine whether and to what extent the information, document or material at issue qualifies for protection under Rule 26(c)(1)(G). No presumption of confidentiality is created by virtue of the information, document, or material having been designated as "confidential" by a party or having been produced by MTD by means of the website referred to above.

11. The parties further agree that the inadvertent or unintended production of any discovery materials that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine and the return of same, if appropriate, shall be governed by Rule 26(b)(5)(B).

12. No person may utilize or disclose to any person, in public or in private, the confidential materials designated hereunder, except as set forth in this Order. This Protective Order does not apply to information and/or documents acquired other than through this proceeding; the rights of the parties in respect to this other acquired information being separately determined.

13. Upon termination of this litigation, the originals and all copies of confidential materials shall be turned over without demand to the party or non-party who produced such material, or to its counsel. In the alternative, the originals and all copies may be destroyed by plaintiff's

1 counsel, subject to the agreement that plaintiff's counsel will provide written documentation within
2 30 days of disposition of the case that all such documents and materials were destroyed.

3     14. Either party may seek modification of this order upon motion and for good cause
4 shown, by alleging specific changes and specific grounds.

5     15. Nothing in this Order shall restrict the use or admissibility of any documents or
6 information designated as confidential at any hearing or trial in this action.

7     16. Upon the final conclusion of this litigation, any and all Confidential Material which
8 has been submitted for identification and/or into evidence at any hearing or trial in this litigation may,
9 upon application to this Court, by counsel for the party who claimed Confidential Material treatment,
10 be purged from the record. All parties shall have notice of and the right to oppose such an
11 application. The final conclusion of this litigation shall be deemed to have occurred upon (i) the date
12 following the entry of judgment after which, by lapse of time or otherwise, such judgment shall no
13 longer be subject to review by or appeal to any court, or (ii) upon a voluntary discontinuance thereof.

14     17. This Protective Order shall survive the final conclusion of this litigation and continue
15 in full force and effect, and the Court shall retain jurisdiction to enforce this Protective Order.

16     18. This Protective Order will be in full force and effect, and is fully enforceable, upon
17 the date of the parties' execution below. All the provisions of the Protective Order will be effective
18 and enforceable as of the execution date of this document by the parties.

19     DATED this 1st day of July, 2011.

| /s/ | /s/ |
|---|---|
| WILLIAM R. KENDALL, ESQ. | WILLIAM G. COBB, ESQ. |
| 137 Mt. Rose Street | BRENT L. RYMAN, ESQ. |
| Reno, Nevada 89509 | CHARITY F. FELTS, ESQ. |
| | ERICKSON, THORPE & SWAINSTON, LTD. |
| *Attorney for Plaintiff Bill L. Barraclough* | 99 West Arroyo Street; Post Office Box 3559 |
| | Reno, Nevada 89505 |
| | and |
| IT IS SO ORDERED | SCOTT J. ROBINSON, ESQ., |
| /s/ | Wegman, Hessler & Vanderburg |
| U.S. MAGISTRATE JUDGE | 6055 Rockside Woods Boulevard |
| DATED: July 7, 2011 | Cleveland, OH 44131 |
| | *Attorneys for Defendant MTD Products, Inc.* |

ERICKSON, THORPE &
SWAINSTON, LTD.

6

1
2
3      IT IS SO ORDERED.
4
5      _____
6      UNITED STATES MAGISTRATE JUDGE
7      DATED: _____
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ERICKSON, THORPE &
SWAINSTON, LTD.

7

APPENDIX "A"

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

BILL L. BARRACLOUGH,                        Case No.:   3:11-CV-00231-HDM-VPC

          Plaintiff,

vs.

MTD PRODUCTS, INC.,

          Defendant
_____/

**ACKNOWLEDGMENT OF READING
AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

1. My full name is _____.

2. My address is _____
_____.

3. My present employer is _____
_____
_____.

4. My present occupation or job description is _____
_____.

5. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential materials disclosed to me.

ERICKSON, THORPE &
SWAINSTON, LTD.

8

7. I will return all Confidential materials and all copies which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

DATED: _____

_____

Print name: _____

ERICKSON, THORPE &
SWAINSTON, LTD.

9